### DELAUNE v. YOUNG et al.
### No. 16290.

Court of Appeal of Louisiana. Orleans.
Feb. 24, 1936.

Frank T. Doyle, of New Orleans, for appellants.

Blasi & Sehrt, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit under the compensation statute (Act No. 20 of 1914, as amended) in which claim is made for compensation at the rate of $8.58 per week for 400 weeks, plus $250 for medical expenses and hospitalization.

There was judgment below as prayed for for 250 weeks. Defendant has appealed, and plaintiff has asked for an increase in the judgment from 250 to 400 weeks.

The plaintiff, Walter Delaune, on January 11, 1935, suffered a collapse of his left lung, a malady described as pneumothorax. He attributes his condition to a strain which he alleges he suffered the night before at 10:30 p. m., while working as an employee of the Celotex Company, and assisting in the lifting of a "press cover" weighing about 300 pounds.

Defendant contends that Delaune suffered no strain during his employment which produced pneumothorax, but that it was caused by the recurrence, in active form, of a dormant case of tuberculosis with which he was previously afflicted. The immediate cause of the collapse of his lung, it is insisted, was probably due to a fit of coughing. It is pointed out that Delaune worked for thirty minutes after the time he claims to have felt a very sharp pain in the region of his left lung while engaged with five other workmen in lifting the "press cover," and that he made no outcry or complaint at the time, and failed to report his alleged injury to the officials of the Celotex Company.

We are satisfied from the evidence, which, in this respect, is uncontradicted, that Delaune did not make any complaint at the time he is alleged to have suffered the pain in his chest, but that, upon reaching his home after his work, he mentioned the circumstance to his father, and the next day was on his way to the place of business of his employer, presumably for the purpose of making complaint, when he was attacked with pneumothorax which incapacitated him and caused him to go to the near-by home of his brother, from which he was afterwards taken to the Charity Hospital. He subsequently sent Jessie Sappier, a fellow workman, to notify the Celotex Company, which, according to the testimony of Sappier, was done. Any suspicion, therefore, which might attach to plaintiff's claim from his alleged failure to give notice of his injury is removed by the evidence.

There remains for consideration the question of whether the exertion and strain incident to the raising of the "press cover,"

150

in connection with plaintiff's employment, was the actuating cause of his disability, a question which must depend for solution upon the medical testimony. Four doctors appeared as experts and testified during the trial of the case below, Drs. Clyde Brooks and Shirley Lyons for plaintiff and Drs. Maurice Compagna and D. J. Farley for defendants.

Dr. Brooks, a professor of pharmacology and experimental therapeutics and a member of the staff of the Charity Hospital and Louisiana State University, is very positive in his view that the collapse of plaintiff's lung was due to the strain which reawakened the dormant tuberculosis. He does not think that a coughing spell caused plaintiff's trouble, because "it would have to be powerful enough, very powerful, heavy coughing to bring it on. I don't believe that it would do it."

Dr. Lyons, a diagnostician with special training in chest surgery, agrees with Dr. Brooks, though he is somewhat less positive in his views.

Dr. Maurice Compagna, a specialist in internal medicine, including the chest, heart, and lungs, expressed the opinion that the effort of plaintiff in lifting the "press cover" could not have caused his lung to collapse except "by a very remote possibility." He stated that a person's lung can collapse without any exertion at all. He is of opinion that the tuberculosis was the sole cause of the collapse of the lung. Dr. Compagna also states that, if the collapse of the lung had been caused by exertion, it would have been a total collapse, and plaintiff would not have been able to continue working until the end of his shift as he did.

Dr. Farley, who practices general medicine and surgery and is the physician employed by the Celotex Company, does not believe that the collapse of plaintiff's lung, which occurred at 7 o'clock the morning after the day on which the alleged strain occurred, could have been due to the strain. It was too remote to be associated with any injury of the night before. He also stated that any one whose lung collapsed due to an injury or trauma would be unable to continue work.

In our opinion, the testimony of the medical experts appearing on behalf of plaintiff to the effect that plaintiff's disability was caused by a strain which he experienced in the course of his employment must prevail over that of the experts of the defendant, who, while expressing the opinion that

*Writ of error refused April 13, 1936.

the strain did not cause the injury, concede that it might have done so.

Dr. Brooks was of the opinion that plaintiff's disability would endure for two years and Dr. Lyons from one and a half to two years. If these doctors have overstated the situation, the Compensation Law provides a remedy.

It is conceded by both counsel that, if the defendant is found liable, the judgment must be amended in respect to the number of weeks allowed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from in respect to the award of weekly compensation be amended so as to read as follows: "It is ordered, adjudged and decreed that there be judgment in favor of Walter Delaune, the plaintiff, and against the defendants, Hobart P. Young and George E. Williams, as receivers for the Celotex Company, and the Zurich General Accident & Liability Insurance Company, jointly and in solido, in the full sum of $8.58 per week during the period of disability of Walter Delaune and not exceeding four hundred weeks, beginning January 10th, 1935, with legal interest on each installment from its due date until paid."

In all other respects the judgment appealed from is affirmed.

Amended and affirmed.